**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

PHIL CAPPADORA,
*on behalf of himself,*
*FLSA Collective Plaintiffs*
*and the Class,*

        Plaintiff,

        v.

COSTCO WHOLESALE CORPORATION, and
KARIM ZEFFOUNI,

        Defendants.

Case No:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

---

Plaintiff PHIL CAPPADORA ("Plaintiff CAPPADORA") ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby file this Class and Collective Action Complaint against COSTCO WHOLESALE CORPORATION ("Defendant COSTCO") ("Corporate Defendant"), and KARIM ZEFFOUNI ("Defendant ZEFFOUNI" and together with the Corporate Defendants, "Defendants"), and states as follows:

1

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time shaving, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they and others similarly situated are entitled to recover from Defendants: (1) unpaid wages due to time shaving, (2) statutory penalties, (3) liquidated damages, and (4) attorneys' fees and costs.

3. Plaintiff CAPPADORA alleges, pursuant to 29 U.S.C. § 215(a)(3) and NYLL § 215(1)(a)(i), that due to Defendants' retaliation against her, she is entitled to recover from Defendants: (1) compensatory damages, (2) punitive damages, (3) attorneys' fees and costs, and all other penalties the Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

6. Plaintiff CAPPADORA, for all relevant time periods, was a resident of Queens County, New York.

7. Corporate Defendant COSTCO WHOLESALE CORPORATION is a worldwide business corporation organized under the laws of the State of Washington with an address for service of process at CT CORPORATION SYSTEM 28 LIBERTY ST., NEW YORK, NY 10005, and a

principal place of business located at COSTCO WHOLESALE CORPORATION ATTN: LICENSING 999 LAKE DR., ISSAQUAH, WA 98027.

8. Corporate Defendant owns wholesale clubs worldwide.

9. Individual Defendant KARIM ZEFFOUNI is a branch manager of Corporate Defendant COSTCO WHOLESALE CORPORATION. Defendant ZEFFOUNI exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Defendant ZEFFOUNI frequently visits the wholesale club. He exercises—and also delegates to managers and supervisors—the power to (i) fire and hire, (ii) determine rate and method of pay, (iii) set employee schedules, and (iv) otherwise affect the quality of employment, including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all relevant times, employees of the wholesale club could complain to Defendant ZEFFOUNI directly regarding any of the terms of their employment, and Defendant ZEFFOUNI would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Defendant ZEFFOUNI had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class members and could reprimand employees.

10. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL and the Regulations thereunder.

11. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the businesses operated by Defendants.

12. At all relevant times, Defendants employed at least eleven (11) employees within the meaning of the FLSA and NYLL.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings claim for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including but not limited to cashiers, stock clerks, produce stockers, cleaners, porters, and baggers, among others) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper compensation for all hours worked, due to a policy of time shaving. The claims of Plaintiffs stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

16. Plaintiff brings claim for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt employees (including but not limited to cashiers, stock clerks, produce stockers, cleaners, porters, and baggers, among others), employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

17. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

18. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

19. Plaintiff's claim is typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same Defendants' corporate practices of (i) failing to pay proper wages, including those due to time shaving, (ii) failing to provide Class members with proper wage statements with every payment of wages, and (iii) failing to properly provide wage notices to Class members, at date of hiring and annually, per requirements of the NYLL (iv) failing to provide proper frequency of pay under NYLL 191. Defendants' company-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member.

20. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages

arising from the same unlawful policies, practices and procedures.

21.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented plaintiffs in wage and hour cases.

22.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is

empowered to, fashion methods to efficiently manage this action as a class action.

23.     Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed Plaintiff and the Class members within the meaning of the New York law;

   b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and Class members;

   c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and Class members for their work;

   d) Whether Defendants properly compensated Plaintiffs and Class members for all hours worked under state and federal law;

   e) Whether Defendants caused time-shaving by paying Plaintiffs and Class members only for those hours which they were scheduled to work, rather than for the actual hours that they worked;

   f) Whether Defendants provided to Plaintiffs and Class members annual wage notices, as required under the NYLL; and

    g) Whether Defendants improperly retaliated against Plaintiffs and Class members as required by NYLL.

    h) Whether Defendants paid employees at proper intervals as required by NYLL.

## STATEMENT OF FACTS

*Wage and Hour Claims*

25. On or about November 2018, Plaintiff CAPPADORA was hired by Defendants to work as a produce stocker at Defendants' wholesale club located at 3250 Vernon Blvd., Queens, NY 11106. In or around September 22, 2020, Plaintiff was terminated from his position.

26. From the start of his employment until January 2019, Plaintiff CAPPADORA was compensated at a rate of fourteen dollars ($14.00) per hour. From January 2019 until October 2019, Plaintiff CAPPADORA was compensated at a rate of fifteen dollars ($15.00) per hour. From October 2019 until April 2020, Plaintiff CAPPADORA was compensated at a rate of sixteen dollar ($16.00) per hour. From April 2020 until end of his employment, Plaintiff CAPPADORA was compensated at a rate of seventeen dollars ($17.00) per hour. Throughout his employment, Plaintiff would be paid on a bi-weekly basis.

27. During his employment, Plaintiff's paystubs would consistently show that he was being underpaid between eight (8) and twenty-five (25) hours.

28. Plaintiff performed substantial off the clock work for which he was never compensated. Plaintiff was required to clock in at his scheduled start time each day, but prior to clocking-in, as part of his duties would, he would travel across the picking up garbage, clean, and getting ready for his shift.

29. Plaintiffs and other employees were expected to be clocked out, but expected to working, for approximately one and one-half (1.5) hour per week. Plaintiff and other employees were not paid for this off the clock work.

*Retaliation*

30. In or around January 2020, Plaintiff CAPPADORA called Local 1500, a union, to unionize Defendant COSTCO for the purposes of addressing the above wage and hour issues.

31. After calling Local 1500 to unionize, Plaintiff organized a group chat with other employees, about a dozen, to discuss potential unionization.

32. Subsequent to beginning this group chat, management began retaliating against Plaintiff.

33. Management retaliated by stalking and harassing the Plaintiff.

34. Defendants would stalk and harass Plaintiff around his employment, even going so far as sticking thumbtacks into his bike wheels on more than one occasion.

35. Defendants took adverse employment action against Plaintiff by denying him promotions and full-time employment.

36. In September 2020, Plaintiff CAPPADORA was then retaliated against for making lawful complaints about his pay schedule and his lawful attempt to unionize, under the pretext of being terminated due to a singular customer complaint.

*Claims Pursuant to NYLL 191(a)*

37. Plaintiffs reallege and reaver Paragraphs 1-37 of this Collective and Class Action Complaint as if fully set forth herein.

38. While employed by Defendants, Plaintiffs and FLSA Collective Plaintiffs and Class Members were never paid weekly, and therefore did not receive their wages within seven (7) days of the end of the week in which that pay was earned, in violation of NYLL § 191(1)(a)(i).

39. Plaintiffs, as a waiter and busboy fall under the definition of manual worker under the NYLL and must receive his wages weekly. *See* NYLL § 191(1)(a)(i).

40. Throughout the relevant period, Defendants paid Plaintiffs and Class Members earned wages once every three weeks.

41. Due to these unlawful acts of Defendants, Plaintiff suffered in an amount not presently ascertainable of liquidated damages. In addition, Plaintiff is entitled to reasonable attorneys' fees, statutory penalties and costs and disbursements of the action, pursuant to the NYLL.

42. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiff and the Class in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

43. Plaintiffs reallege and reaver Paragraphs 1 through 42 of this Class and Collective Action Complaint as if fully set forth herein.

44. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45. At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

46. At all relevant times, each Corporate Defendants had gross annual revenues in excess of $500,000.

47. At all relevant times, the Defendants engaged in a policy of time-shaving, including refusing to compensate Plaintiffs and FLSA Collective Plaintiffs for all of their hours worked.

48. Plaintiffs are in possession of certain records concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiffs intend to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

49. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs for all hours worked when Defendants knew or should have known such was due.

50. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

51. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

52. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including those resulting from time-shaving, and an equal amount as liquidated damages.

53.     Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

54.     Plaintiffs reallege and reaver Paragraphs 1 through 53 of this Class and Collective Action Complaint as if fully set forth herein.

55.     At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the NYLL, §§2 and 651.

56.     At all relevant times, the Defendants engaged in a policy of time-shaving, refusing to compensate Plaintiffs and Class members for all of their hours that they worked each week.

57.     Defendants failed to properly notify employees of their overtime pay rate, in direct violation of the NYLL.

58.     Defendants failed to provide a proper wage and hour notice, at the date of hiring and annually thereafter, to all non-exempt employees per requirements of the NYLL.

59.     Defendants failed to provide proper wage statements with correct payment as required by NYLL § 195(3).

60.     Due to the Defendants' NYLL violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid wages, resulting from time shaving, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

## COUNT III

## RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

61. Plaintiff CAPPADORA realleges and reavers Paragraphs 1 through 60 of this Complaint as if fully set forth herein.

62. Defendants retaliated against Plaintiff CAPPADORA after he tried to unionize Defendant COSTCO. Defendants then retaliated against Plaintiff CAPPADORA by terminating his employment after he complained of Defendants' improper employment policies.

63. Defendants' actions constitute a violation of 29 U.S.C. § 215(a)(3).

64. Plaintiff CAPPADORA's employment was compromised as a result of Defendants' retaliatory actions. Plaintiff CAPPADORA was also denied promotion opportunities.

65. Plaintiff CAPPADORA suffered mental distress, including high levels of stress and anxiety, which includes therapy treatment.

66. Plaintiff CAPPADORA suffered further from Defendants' cancelling his Costco Membership, and insurance.

67. Due to Defendants' retaliation under the FLSA, Plaintiff CAPPADORA is entitled to recover from Defendants compensatory damages and punitive damages and all other penalties the Court deems appropriate.

## COUNT IV

## RETALIATION UNDER THE NEW YORK LABOR LAW

68. Plaintiff CAPPADORA realleges and reavers Paragraphs 1 through 67 of this Complaint as if fully set forth herein.

69. Defendants retaliated against Plaintiff CAPPADORA after he tried to unionize Defendant COSTCO. Defendants then retaliated against Plaintiff CAPPADORA by terminating his employment after he complained of Defendants' improper employment policies.

70. Defendants' actions constitute a violation of NYLL § 215(1)(a)(i).

71. Plaintiff CAPPADORA's employment was compromised as a result of Defendants' retaliatory actions. Plaintiff CAPPADORA was also denied promotion opportunities.

72. Plaintiff CAPPADORA suffered mental distress, including high levels of stress and anxiety, which includes therapy treatment.

73. Plaintiff CAPPADORA suffered further from Defendants' cancelling his Costco Membership, and insurance.

74. Due to Defendants' retaliation under the NYLL, Plaintiff is entitled to recover from Defendants compensatory damages and punitive damages and all other penalties the Court deems appropriate.

## COUNT V

## VIOLATION OF THE NEW YORK CITY FAIR WORKWEEK LAW (NEW YORK LABOR LAW 191)

75. Plaintiff CAPPADORA realleges and reavers Paragraphs 1 through 74 of this Complaint as if fully set forth herein.

76. At all relevant times, Plaintiff was employed by Defendants within the meaning of the NYLL 2 and 651.

77. At all relevant times, Defendants willfully violated Plaintiffs rights by failing to pay Plaintiffs and Class Members their wages in a timely manner as mandated by NYLL 191.

78. Defendants failed to pay Plaintiff and Class Members weekly, and therefore did not receive failed to pay Plaintiff and Class Members wages within seven (7) days of the end of the week in which that pay was earned, in violation of NYLL § 191(1)(a)(i).

79. Plaintiffs, as a stocker fall under the definition of manual worker under the NYLL § 191(1)(a)(i) and must receive his wages weekly.

80. Throughout the relevant period, Defendants improperly paid Plaintiffs and Class Members earned wages once every three weeks in violation of NYLL.

81. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiff and the Class in this litigation and have agreed to pay the firm a reasonable fee for its services.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of compensatory and punitive damages and all other penalties the Court deems appropriate as a result of Defendants' unlawful retaliation against Plaintiff under 29 U.S.C. § 215(a)(3) and NYLL § 215;

d. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

15

e. An order directing Defendants to take steps as may be necessary to prevent and remedy employment retaliation and the patterns or practices of retaliation in employment identified above;

f. An award of unpaid minimum wage due under the NYLL and the FLSA;

g. An award of statutory penalties as a result of Defendants' failure to comply with the FLSA and NYLL wage notice and wage statement requirements;

h. An award of liquidated damages as a result of Defendants' willful failure to pay the lawful minimum wage pursuant to the FLSA and NYLL;

i. An award of liquidated damages as a result of Defendants' willful failure to pay employees timely under NYLL;

j. An award of back pay, compensatory damages, and statutory penalties as a result of Defendants' retaliatory conduct under the FLSA NYLL;

k. An award of compensatory damages for physical and emotional suffering as a result of Defendants' unlawful discriminatory practices, under the NYSHRL and NYCHRL;

l. An award of punitive damages for Defendants' unlawful discriminatory practices under the NYCHRL,

m. An award of pre-judgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees;

n. Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

o. Designation of this action as a class action pursuant to FRCP 23;

p. Designation of Plaintiff as Representatives of the Class; and

q. Such other and further relief as this Court deems just and proper.

    r.   An award of liquidated damages as a result of Defendants' willful failure to pay employees timely under NYLL.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: December 14, 2020

                                            Respectfully submitted,
                                            By:   */s/ C.K. Lee*
                                                       C.K. Lee, Esq.

                                          LEE LITIGATION GROUP, PLLC
                                          C.K. Lee (CL 4086)
                                          Anne Seelig (AS 3976)
                                          148 West 24th Street, 8th Floor
                                          New York, NY 10011
                                          Tel.: 212-465-1188
                                          Fax: 212-465-1181
                                          *Attorneys for Plaintiff,*
                                          *FLSA Collective Plaintiff and the Class*